IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KELLY T. ANDERSON, et al.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>CEMEX, INC., et al.,<br><br>　　　　　　Defendants. | ORDER<br>AND<br>MEMORANDUM DECISION<br><br>Case No. 2:12-CV-00136-TC |

　　In this ERISA case, Plaintiffs filed suit to recover pension benefits payable from the Southwestern Salaried Employees' Retirement Plan (the Southwestern Plan). After considering the parties' cross-motions for summary judgment, the court granted Plaintiffs' motion on the issue of their entitled to benefits from the Southwestern Plan but denied the motion on the issue of civil penalties. (See Order and Mem. Decision, Dkt. No. 61.)

　　Defendants filed a Rule 59 Motion to Alter or Amend the Judgment, or Alternatively Motion for Reconsideration or Rehearing, or Alternatively Motion for a New Trial (Dkt. No. 64). For the reasons set forth below, Defendants' Motion is DENIED.

　　Whether to grant or deny a motion for reconsideration under Rule 59(e) is committed to the court's discretion. See Phelps v. Hamilton, 122 F.3d 1309, 1324 (10th Cir. 1997). The Tenth Circuit recognizes only certain grounds for granting such a motion, including those cases where movants can show: (1) an intervening change in the controlling law; (2) new evidence previously unavailable; or (3) the need to correct clear error or prevent manifest injustice. See Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration

is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id.  A Rule 59(e) motion should be granted "only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling." Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001) (quotations & citations omitted), aff'd 35 F. App'x 1 (D.C. Cir. Mar. 1, 2002).  Further, "[i]n order to show clear error or manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court—'[p]arties are not free to relitigate issues that the Court has already decided.'" United States v. Jasin, 292 F. Supp. 2d 670, 676 (E.D. Pa. 2003) (quoting Smith v. City of Chester, 155 F.R.D. 95, 97 (E.D. Pa. 1994)).

Courts routinely deny Rule 59(e) motions in which the movant rehashes old arguments, attempts to more persuasively re-argue issues already presented to and addressed by the court, or tries to take a second bite at the apple. See, e.g., Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (motions for reconsideration under Rule 59(e) which "merely took umbrage with the [district] court's ruling and rehashed old arguments," and "did not demonstrate that there was disregard, misapplication or failure to recognize controlling precedent . . . were properly rejected by District Court"); Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case"); Nat'l Metal Finishing Co., Inc. v. BarclaysAmerican/Commercial Inc., 899 F.2d 119, 123 (1st Cir. 1990) (citing numerous cases for proposition that Rule 59(e) motions are commonly rejected where the movant "was rehashing old arguments already rejected by the trial court").

In their motion for reconsideration, Defendants do not present new evidence or argue that controlling law has changed.  Defendants have cited additional case law that they argue supports

their position. But the newly cited case law and Defendants' arguments merely re-emphasize and expand on various arguments that Defendants previously presented to the court. Although Defendants claim that the court misunderstood the facts and misapplied the law, the court has carefully considered Defendants' arguments, and it does not find those arguments persuasive. There is no reason to believe there has been clear error or manifest injustice that compels a change in the court's prior ruling.

For the foregoing reasons and for the reasons set forth in the court's December 29, 2014, Order and Memorandum Decision, Defendants' Rule 59 Motion to Alter or Amend the Judgment, or Alternatively Motion for Reconsideration or Rehearing, or Alternatively Motion for a New Trial (Dkt. No. 64) is DENIED.

SO ORDERED this 3rd day of March, 2015.

BY THE COURT:

Tena Campbell
TENA CAMPBELL
U.S. District Court Judge