IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| KELLY T. ANDERSON, et al.,<br><br>                Plaintiffs,<br>v.<br><br>CEMEX, INC., and SALARIED EMPLOYEES' RETIREMENT PLAN OF SOUTHWESTERN PORTLAND CEMENT,<br><br>                Defendants. | ORDER AND MEMORANDUM DECISION GRANTING IN PART MOTION FOR ATTORNEYS FEES<br><br>Case No. 2:12-cv-136<br><br>Judge Tena Campbell<br><br>Magistrate Judge Brooke Wells |

This matter is before the court on Plaintiffs' Motion for Attorney Fees.[1] The court has carefully reviewed the written memoranda submitted by the parties, and, pursuant to Local Rule 7-1(f), the court has concluded that oral argument would not be helpful or necessary, and thus the court will determine the motion on the basis of the written memoranda.[2]

## MOTION FOR ATTORNEY FEES

Plaintiffs move the court to award $122,437.50 in attorney fees.[3] On December 29, 2014, Judge Campbell granted Plaintiffs' Motion for Summary Judgment on the issue of Plaintiffs' entitlement to benefits but ruled in favor of Defendants on the issue of civil penalties.[4] Defendants sought to alter the judgment and Judge Campbell denied that request.[5] Plaintiffs request fees based on the decision regarding the entitlement to benefits and seek them pursuant to ERISA's attorney fee provision found in 29 U.S.C. § 1132(g).

---

[1] Docket no. 62.

[2] *See* DUCivR 7-1(f).

[3] Mtn. p. 2.

[4] Order and Memorandum Decision, docket no. 61.

[5] Order and Memorandum Decision, docket no. 71.

Under ERISA, a district court "in its discretion may allow a reasonable attorney's fee and costs of action to either party."[6] Unlike some federal statutes, ERISA establishes no presumption for the award of fees to a "prevailing insured or beneficiary."[7] The Supreme Court has held that a fees claimant must show "some degree of success on the merits" for section 1132(g) to apply.[8] Once some degree of success is shown a district court should consider the following nonexclusive list of factors:

> (1) the degree of the offending party's culpability or bad faith; (2) the degree of the ability of the offending party to satisfy an award of attorney fees; (3) whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the plan as a whole; and (5) the relative merits of the parties' positions.[9]

Here, the parties do not dispute that Plaintiffs have shown some degree of success on the merits. Rather, the parties' dispute is over the amount of fees. Not surprisingly, the parties each argue that the factors weigh in favor of their respective position. Plaintiffs assert an award for the full amount of fees is proper and Defendants argue for an amount substantially less than that requested. The court turns to look at the five *Deboard* factors.

*(i)     the degree of the offending party's culpability or bad faith*

Plaintiffs argue that Defendants "abused its discretion by denying the Plaintiffs' benefits despite the knowledge that it failed to provide the Plaintiffs' with statutorily required notice of

---

[6] 29 U.S.C. § 1132(g)(1).

[7] *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1029 (4th Cir. 1993) (en banc).

[8] *See Hardt v. Reliant Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010).

[9] *Deboard v. Sunshine Min. and Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000).

the plan change."[10] In contrast, Defendants argue that by rejecting Plaintiffs' penalties claim the court "found implicitly that Defendants did not commit bad faith."[11]

The court agrees with Defendants that there is no finding of bad faith in this case and based upon Judge Campbell's rulings there is an implicit finding that Defendants did not commit bad faith. The court, however, also agrees with the calculation set forth by Plaintiffs in their reply. The penalties claim is a relatively small portion of this case and does not equate to the reduction sought by Defendants. The court will reduce the fee request by $5,441.17.

(ii)   *the degree of the ability of the offending party to satisfy an award of attorney fees*

Plaintiffs argue that CEMEX is a nationwide company and as such easily has the ability to satisfy an award of fees. In contrast, Defendants do not dispute that an award is payable but they note that any award "will reduce the amount payable to other participants."[12]

The court finds there is no concern regarding the ability of Defendants to pay an award of fees. Therefore this factor weighs in favor of awarding fees to Plaintiffs.

(iii)   *whether or not an award of attorney fees against the offending party would deter other persons acting under similar circumstances*

Next, Plaintiffs assert that "an award of attorney fees is necessary to act as a deterrent in similar situations where claimants have a claim for a small pension benefit."[13] According to Plaintiffs this is necessary because without such a deterrent, a plan administrator could use litigation as a tool to deter potential claimants from making claims since attorney fees would make it unreasonable to continue litigating a potential claim. Defendants argue that the notice at

---

[10] Mtn. p. 3, docket no. 62.

[11] Op. p. 4, docket no. 63.

[12] Op. p. 5.

[13] Mtn p. 4.

the heart of this dispute, which the court determined should have been provided, should have been issued over 25 years ago.  Thus, there is not much of a deterrence factor in this case.

The court disagrees with Defendants.  Although the notice that should have been provided is quite antiquated now, the results in this case will have a ripple effect upon other companies and plan administrators.  And, whether or not attorney fees are granted will either deter or incentivize potential parties.  While our modern society is full of senseless lawsuits that place unnecessary burdens upon the courts and litigants, the court finds the case here does not fall in this large wave of lawsuits.  This factor therefore weighs in favor of Plaintiffs.

(iv)    *the amount of benefit conferred on members of the plan as a whole*

Plaintiffs argue that an award of fees in this matter benefits all members of the plan because it helps those who are similarly situated as Plaintiffs.  In contrast, Defendants assert the plan participants "will suffer a detriment because plan assets that otherwise would have gone to them now will have to be paid to a discreet group of plaintiffs."[14]  According to Defendants such a situation is similar to a windfall since those who benefit from this suit "have been paid or will be paid those same benefits by a Lockheed Martin pension plan."[15]

The court agrees with Plaintiffs that this suit involves more than benefitting a single plaintiff.  Here, there is a benefit to multiple Plaintiffs.  This factor therefore weighs in favor of awarding fees.

(v)    *the relative merits of the parties' positions*

Under this factor Defendants take a parts and pieces approach to the instant suit. Defendants assert this case involved four contested issues: "(1) whether Defendants were entitled to conduct discovery; (2) the standard of review; (3) whether Defendants abused their discretion

---

[14] Op. p. 5-6.

[15] *Id.* at 6.

in denying Plaintiffs' benefits claim; and (4) penalties."[16] Defendants argue that because Plaintiffs lost on three of these four issues a significant reduction in fees is warranted. In opposition, Plaintiffs argue that they prevailed on the ultimate dispositive issue – whether benefits should be paid. In addition, no party prevailed on the standard of review issue since it was not necessary for the court to reach that issue. Plaintiffs further argue that losing on their discovery request is not the merits of their claim and the penalties claim played a minor role in the dispute.

       The court finds some merit to Defendants position. First, as outlined above the court already reduced the requested fees for the penalties claim so no further reduction is warranted. Second, the issue regarding the standard of review was for all intents and purposes a draw since the court did not rule on this issue. In their reply Plaintiffs assert that they already reduced their fee request by $24,412.50 to account for the standard of review issue. There is nothing before the court to indicate this is an improper reduction. So, the court does not further reduce the fee request on account of the standard of review issue. Next, Defendants did prevail on the issue regarding discovery both initially and on appeal to the district judge.[17] Thus, the court finds Defendants prevailing on this issue warrants a reduction in fees. Finally, Plaintiffs prevailed on the key issue in this case—whether or not benefits should be paid. The court finds the reduction in fees from the other issues, such as the penalties claim and the discovery issue, warrant a smaller reduction because the benefits issue is the *sine qua non* of this case.

---

[16] Op. p. 6.

[17] Docket no. 32 and docket no. 37.

Accordingly, the court exercises its discretion and reduces the fee request by an additional 20%.[18] The court believes a reduction of 20% is warranted because the discovery issue ended up playing a fairly large role in this case.

## CONCLUSION AND ORDER

For the foregoing reasons, it is hereby ORDERED that Plaintiffs' Motion for Attorney Fees is GRANTED IN PART.

Plaintiffs are awarded $93,597.06 in attorney fees.[19]

IT IS SO ORDERED.

DATED this 7 April 2015.

Brooke C. Wells
United States Magistrate Judge

---

[18] *See Deboard*, 208 F.3d at 1244 (noting that under ERISA a district court may exercise its discretion in determining reasonable attorney fees and costs).

[19] The court notes that it first reduced the attorney fee request of $122,437.50 by the penalties claim reduction of $5,441.17 and then applied the additional 20% reduction for the discovery issues.